United States District Court
Southern District of Texas

**ENTERED**

April 23, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MOHAMMED R. K., [1] | § | |
|    "Petitioner," | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-021 |
| | § | |
| WARDEN, EL VALLE | § | |
| DETENTION CENTER, *et al.,* | § | |
| *in their official capacities*, | § | |
|    "Respondents." | § | |

## REPORT AND RECOMMENDATION
## TO GRANT PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition") and Respondents' "Response to the Petition for Writ of Habeas Corpus Motion to Dismiss Counts One and Two for Lack of Jurisdiction and Motion for Summary Judgment" (Dkt. 13) ("MSJ"). For the reasons offered in the Court's temporary restraining order, Dkt. No. 19, the Petitioner advances a viable claim for release under *Zadvydas v. Davis*, 533 U.S. 678 (2001),[2] and it is recommended that the Court grant the Petition (Dkt. No. 1).

To gain relief under *Zadvydas*, a petitioner must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. For the reviewing habeas court, the point of this inquiry is to assess how long "detention" can remain "reasonably necessary to secure removal" and advance the "statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. If, as the petitioner aims to establish, "removal is not reasonably foreseeable," *id.*, detention is no longer "reasonably necessary" for removal; the detention,

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Because this is a sufficient ground for awarding release, this report declines to assess Petitioner's other claims.

having lost its "reasonable relation" to its statutory "purpose," *id.* at 690, is no longer authorized under § 1231, *id.* at 699; and the petitioner should be released, *see id.* at 700.

Petitioner has met his burden here. Nothing in the filings[3] indicates this court is barred from judicial review of his *Zadvydas* claim: although this court agrees with Respondents that the six-month presumptive period must pass before such a claim is ripe, *see* Dkt. No. 13 at 6; *Arilson P.C. v. Warden*, No. 1:26-cv-0084, 2026 WL 967728 (S.D. Tex. Apr. 8, 2026), that period has expired here since the order of removal became final in 2016, *see* Dkt. No. 19 at 3; *Sanchez v. Noem*, No. 5-CV-00104, 2025 WL 3760317, at *9 (S.D. Tex. Nov. 14, 2025). And when his *prima facie* case is heard on the merits, it becomes clear that, given Respondents' past difficulties removing Petitioner, the absence of a viable strategy of removal within a reasonable timeline, and Respondents' failure to rebut Petitioner's claim with a clear window of removal, Petitioner has succeeded in his claim and merits relief. *See* Dkt. No. 19 at 3.

It is thus recommended that the Court (1) **GRANT** the Petition in part (Dkt. No. 1), (2) **DENY** the MSJ (Dkt. No. 13), (3) **ORDER** Respondents to release Petitioner[4] subject to supervision and, three weeks after this order, provide a status update verifying such release, and (4) **DIRECT** the Clerk of Court to close this case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and

---

[3] This report notes that Respondents do not seem to argue that Petitioner's claim fails for want of administrative exhaustion. *See Hinojosa v. Horn*, 893 F.3d 305, 314 (5th Cir. 2018). Even if they had, however, Respondents have represented to the Court that "the Department of Homeland Security" came to an administrative determination that Petitioner's "removal is likely to occur in the reasonably foreseeable future." Dkt. No. 18 at 1.

[4] If, per existing preliminary relief offered by this court, *see* Dkt. No. 19, Petitioner is already released, this report recommends that the Court continue to enjoin Petitioner's detention.

Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs.*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

Signed on April 23, 2026.

Karen Betancourt
United States Magistrate Judge